Pardeep SINGH, Petitioner,

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71076.
Agency No. A75–697–759.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2004.*

Decided July 16, 2004.

Garish Sarin, Los Angeles, CA, for Petitioner.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suit-

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Frances M. McLaughlin, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before HAWKINS, THOMAS, and BYBEE, Circuit Judges.

### MEMORANDUM**

Pardeep Singh, a native and citizen of India, petitions for review from the Board of Immigration Appeals' order, summarily affirming an immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *see Sangha v. INS,* 103 F.3d 1482, 1487 (9th Cir.1997), and deny the petition.

Petitioner contends that he fears returning to India because the police persecuted him on account of a political opinion. Substantial evidence supports the IJ's finding that the petitioner failed to show he had a political opinion, or that one was imputed onto him. *See id.* at 1488–89. Accordingly, petitioner failed to establish eligibility for asylum. *See id.* at 1490–91. As such, it follows that petitioner failed to satisfy the more stringent standard for withholding of removal. *See Lata v. INS,* 204 F.3d 1241, 1244 (9th Cir.2000).

Additionally, substantial evidence supports the IJ's denial of relief under the CAT. *See Gui v. INS,* 280 F.3d 1217, 1230 (9th Cir.2002) (holding that wiretapping, threats, interrogation, and intentional car accidents did not constitute torture).

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was granted, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

